**ROSS et al. v. DOZIER et al.**

No. 2019.

Court of Civil Appeals of Texas. Beaumont.

Nov. 13, 1930.

Howth, Adams & Hart, W. T. McNeil and Elton Cruse, all of Beaumont, for appellants.

Crook, Lefler, Cunningham & Murphy, D. E. O'Fiel, and Barnes & Barnes, all of Beaumont, for appellees.

WALKER, J.

By their second amended original petition appellants M. T. and C. H. Ross sued W. E. and E. H. Dennis in the county court at law of Jefferson county upon a series of notes amounting to about $450 and to foreclose the chattel mortgage lien upon certain personal property given to secure the payment of these notes. They also made defendants W. E.

Jones, E. J. Loew, H. E. Davis, and W. S. Dozier, alleging that they had converted to their own use the mortgaged property. All defendants answered the plaintiffs' petition by pleas of general demurrer and general denial. The Dennis defendants further pleaded by way of cross-action against their codefendants that they had wrongfully converted the mortgaged property in question, to their damage $500, for which they prayed judgment. Defendants W. E. Jones, H. E. Davis, E. J. Loew, and W. S. Dozier pleaded general demurrers against this cross-action. These defendants last named also answered the plaintiffs' cause of action by special pleas of limitation, and Dozier further answered by plea of innocent purchaser.

The first order made by the trial court was to sustain, as a matter of law, without hearing any evidence, the pleas of limitation filed by defendants W. E. Jones, H. E. Davis, E. J. Loew, and W. S. Dozier against the plaintiffs' cause of action. After this order was entered, Dozier asked the privilege of going to the jury on the issue of innocent purchaser, which permission was granted him over objection of plaintiffs. The next order made by the court was to sustain the general demurrer of Jones, Davis, Loew, and Dozier against the cross-action filed against them by the Dennis defendants. The effect of this order, as the court construed it in the judgment, was to enter judgment in their favor that they go hence without day as to all claims of every kind asserted against them in this suit. At this point in the judgment is found this recitation: "All the above rulings were made on the pleadings alone, no evidence having been heard by the court."

After these orders had been made and judgment duly entered thereon, a jury was impaneled, and the trial court submitted to the jury the issue of the amount of plaintiffs' demand against the Dennis defendants and their right to foreclose their chattel mortgage and the issue of innocent purchaser as between plaintiffs and defendant Dozier. The jury found in favor of plaintiffs against the Dennis defendants "for the amount sued for and foreclosure of their chattel mortgage," and against the plaintiffs and in favor of Dozier on his issue of innocent purchaser. On this verdict judgment was entered in plaintiffs' favor against the Dennis defendants for $555.50, with interest at 6 per cent. per annum, with foreclosure of the chattel mortgage on the property described in plaintiffs' petition. The judgment directed the issuance of order of sale which was to have the effect of a "writ of possession as between the parties to this suit and any person claiming under said defendants by any right acquired pending this suit (except W. S. Dozier or those claiming under him), and the sheriff or other officer executing such order of sale

shall proceed by virtue thereof to place the purchaser of the property sold under the same in possession thereof within thirty days after the date of sale." The judgment also directed that execution issue against "the defendants as in case of ordinary execution" for any amount remaining unpaid after the sale of the property. The plaintiffs duly excepted to the entry of this judgment.

## Opinion.

█ The plaintiffs' petition stated a good cause of action against the Dennis defendants for the notes sued on and for the foreclosure of their chattel mortgage and also a good cause of action against the other defendants for conversion of the mortgaged property. From this statement it follows that the court committed reversible error in sustaining, as a matter of law, the pleas of limitation. If the pleas of limitation were sufficient to raise an issue, it was one of fact and not of law, and should have gone to the jury.

The judgment is so ambiguous as to be void in the following respects:

█ First. There was a jury finding in favor of defendant Dozier on his plea of innocent purchaser. Notwithstanding that finding, the trial court entered judgment foreclosing the mortgage lien in favor of the plaintiffs, with direction that the sheriff seize this property and deliver it to the purchaser. This order did not give effect to the jury's verdict. Since Dozier was an innocent purchaser, plaintiffs had lost their lien on this property, and were not entitled to have it sold in satisfaction of their judgment.

█ Second. Though the court, as a matter of law, had sustained Dozier's plea of limitation, and the jury had found in his favor on the issue of innocent purchaser, yet deficiency judgment was entered against him for any sum remaining unpaid after the sale of the mortgaged property.

Dozier insists that, whatever disposition is made of the judgment of the lower court, that judgment should be here rendered in his favor on the theory that it appears as a matter of law from the testimony that he has never had possession of any of the property claimed by appellants. We overrule this contention. This proposition may be sound as to certain of the property involved, but apparently there is an issue as to some of the property, and it does not appear that the plaintiffs may not be able to make out a cause of action against Dozier upon another trial.

From what has been said it follows that the judgment appealed from must be reversed and the cause remanded for a new trial.